UNITED STATES of America, Plaintiff,

v.

**1.678 ACRES OF LAND, MORE or LESS in MECKLENBURG COUNTY, NORTH CAROLINA, et al., Defendants.**

No. C–C–86–391–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 28, 1987.

---

**5.** Plaintiff's motion to withdraw the motion to strike is ALLOWED for the reasons stated in the

motion to withdraw.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Harold P. Robinson, York, S.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Motion of Claimant, Harold P. Robinson, to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In support of the Motion Claimant states that dismissal is required because the Warrant for Arrest of Claimant's property was obtained in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures; thus, the seizure is invalid. Claimant makes two arguments. First, the Warrant for Arrest was improperly obtained because the Complaint for Forfeiture in Rem did not establish probable cause to issue the Warrant. Second, the Warrant was improperly obtained because it was issued by a deputy clerk upon presentation of the United States Attorney's verified Complaint without any form of probable cause hearing by an impartial judge or magistrate.

The seizure was effected pursuant to 21 U.S.C. § 881(a)(6) and (b) and Supp. Rule C(3), Fed.R.Civ.P. 21 U.S.C. § 881(a)(6) provides for the forfeiture of property "furnished by any person in exchange for a controlled substance in violation of this subchapter, [and] all proceeds traceable to such an exchange...." Subpart (b) of § 881 refers the Attorney General, when seeking forfeiture, to the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.Supp.R. C(3), amended in 1985, sets forth two procedures for obtaining warrants for the arrest of property: first, "[e]xcept in actions by the United States for forfeitures for federal statutory violations," a court must review the complaint to determine whether the complainant has satisfied the conditions for obtaining arrest of the property; second, "[i]n actions by the United States for forfeitures for federal statutory violations, the clerk, upon filing of the complaint, shall forthwith issue a summons and warrant for the arrest of the vessel or other property without requiring a certification of exigent circumstances." Supp. Rule C(3), Fed.R.Civ.P. (Supp.1987) (emph. added). It therefore appears that Claimant is complaining of the very procedure enacted by Congress with full benefit of the Supreme Court decisions, cited infra, Claimant relies upon.

A recent decision by the Eleventh Circuit in United States v. A Single Family Residence, 803 F.2d 625, 632 (11th Cir.1986), a case involving a drug forfeiture of real

property pursuant to 21 U.S.C. § 881, addressed similar issues:

Under Section 881, a seizure is initiated by the filing of a verified complaint alleging probable cause to believe that the property is subject to seizure. 21 U.S.C.A. § 881(b) and Supp. Rule C(2), Fed.R.Civ.P. Upon filing this complaint, the clerk of court issues a warrant for arrest of the property. Supp. Rule C(3). There is no requirement of detailed allegations and there is no provision for judicial review before the warrant is issued. It is beyond dispute, however, that due process is satisfied by this procedure. The United States Supreme Court has held that seizure for the purposes of forfeiture presents an extraordinary situation justifying postponement of notice and hearing. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679–80, 94 S.Ct. 2080, 2089–91, 40 L.Ed.2d 452, reh'g denied, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974). Under *Calero-Toledo*, it is well settled that no prior judicial determination that seizure is justified is required when the government seizes items subject to forfeiture. *United States v. $8,850.00 in United States Currency*, 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983).

■ The Second Circuit agrees that in a drug forfeiture case the complaint need only allege probable cause; it does not have to demonstrate probable cause with any kind of detailed allegation. "Under the drug forfeiture statute, the Government may seize property upon the filing of a complaint and need not demonstrate probable cause until the forfeiture trial." *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1162 (2nd Cir.1986).

■ That the issuance of a warrant for arrest upon presentation of a complaint to the Clerk of Court is proper was unquestioned in this District until *United States v. Life Insurance Co. of Va.*, 647 F.Supp. 732 (W.D.N.C.1986). In that decision, Judge McMillan expressed his view that the seizure of property without a prior probable cause hearing, as contemplated in Supp. Rule C(3), Fed.R.Civ.P., is unconstitutional. Judge McMillan felt that the Supreme

Court's decisions in *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), *Mitchell v. W.T. Grant. Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and *North Georgia Finishing v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), demanded that a "neutral and detached *judicial* officer" review the complaint and affidavits and authorize the warrant. 647 F.Supp. at 739 (emphasis in original).

This Court is of the opinion that the holding in *United States v. Life Ins. Co. of Va.* is incorrect. As the Eleventh Circuit concluded in *A Single Family Residence*, 803 F.2d at 632, reading *Calero-Toledo*, 416 U.S. 663, 94 S.Ct. at 2082, with *$8,850.00*, 461 U.S. 555, 103 S.Ct. at 2007, leads this Court to the inevitable conclusion that the requirements of due process are met fully by the procedure set out in Supp. Rule C(3). Two judges of this Court have approved the very procedure to which claimant objects. *See In Re Issuance of Warrants*, 674 F.Supp. 1182 (W.D.N.C.1986). Claimant's Motion to Dismiss will not be granted.

NOW, THEREFORE, IT IS ORDERED that Claimant's Motion to Dismiss be and hereby is DENIED.