UNITED STATES of America, Plaintiff,

v.

THIRTEEN THOUSAND DOLLARS ($13,000.00) IN U.S. CURRENCY, Defendant.

No. C2–89–862.

United States District Court, S.D. Ohio, E.D.

Aug. 23, 1990.

Kevin Conners, Reynoldsburg, Ohio, for plaintiff.

Jeffrey Berndt, Columbus, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to the plaintiff's motion for summary judgment. The Claimant has filed a memorandum contra to the summary judgment motion to which the government has filed a reply memorandum.

This suit was originally brought through a Complaint for Forfeiture filed by the government on October 17, 1989. The forfeiture was brought pursuant to 21 U.S.C. § 881 with jurisdiction predicated upon 28 U.S.C. §§ 1345 and 1355.

## FACTS

On July 7, 1989, officers of the Columbus Police Department observed Claimant David Nesser deplaning a flight from Atlanta, Georgia, carrying a small, brown, zippered, carry-on type bag. He was met at the gate by his brother Matthew Nesser. Based upon David Nesser's general appearance, his flight's place of origin, his lack of luggage, other than a carry-on bag, and other factors, he was identified as fitting the profile of a drug courier. The officers approached David Nesser, identified themselves, and asked if they could speak with him. Mr. Nesser agreed. The officers asked to see Mr. Nesser's airline ticket, which he produced. It was a one-way ticket from Atlanta, Georgia to Columbus, Ohio. The officers explained to Mr. Nesser that he fit the drug courier profile and asked permission to search his carry-on bag, to which Mr. Nesser agreed. The bag was found to contain several personal items and $13,000 in cash, consisting of 56 fifty dollar bills and 102 one-hundred dollar bills, bound by a single rubber band.

Mr. Nesser was asked about the large amount of cash in the bag, to which Mr. Nesser stated that he obtained the money from his mother-in-law, Toni McDuffie, who owns the Copper Dollar Saloon in Doraville, Georgia. He further stated that he was bringing the money to his mother who lived in Columbus, Ohio. However, after obtaining additional information from Mr. Nesser, he related that the money was really for his brother "Dan" who is (was) expecting a baby. He reiterated that the money came from his mother-in-law. The Columbus Police Department contacted Mr. Nesser's mother-in-law Toni McDuffie at her residence by telephone. She stated that she did not know anything about the money, only that she knew "he's got some money on him but I don't know how much or nothing else."

A Columbus Police Department officer placed the $13,000 of U.S. currency taken from the Claimant in a sterile paper bag next to three identical sterile paper bags. The Columbus Police Department narcotics detector dog alerted only on the bag containing the currency. The dog has been trained to alert on the scent of controlled substances.

Furthermore, pursuant to telephone conversations with police officers of Doraville, Georgia's Police Department, the Columbus Police Department learned that the Copper Dollar Saloon is a known drug establishment which caters to "bikers and the criminal element in the community." (See, Verification of Complaint and Affidavit of Probable Forfeiture). The Columbus Police Department's investigation has revealed that David Nesser has two previous drug convictions, one in 1980 for aggrava-

ted trafficking in drugs for which he received a three to five years sentence, and in 1984 for abusing harmful intoxicants for which he received a six month sentence.

█ It was upon the above information that Magistrate Terrence Kemp found that there is probable cause to believe that said defendant is subject to forfeiture under 21 U.S.C. § 881. (See, October 18, 1989 Order). This Court, upon review of all relevant materials sees no reason to disturb the findings of the Magistrate. As such, probable cause exists for forfeiture of the defendant's $13,000 of U.S. currency. The burden of proof now rests with the Claimant to show by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. 526 Liscum Drive*, 866 F.2d 213, 216 (6th Cir.1988); *United States v. Property at 4492 S. Livonia Rd., Livonia, New York*, 889 F.2d 1258 (2nd Cir.1989); *United States v. A Single Family Residence*, 803 F.2d 625, 628 (11th Cir.1986); *United States v. $83,320 in United States Currency*, 682 F.2d 573, 577 (6th Cir.1982); *United States v. One 1975 Mercedes 280S, etc.*, 590 F.2d 196, 199 (6th Cir.1978). It is with that in mind that the Court now looks at the government's motion for summary judgment.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–235, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D.Ohio 1987) (J. Graham), this district enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553, (quoting Fed.R.Civ.P. 1) *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

█ Thus, the mere existence of a scintilla of evidence in support of a plaintiff's

claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

### ANALYSIS

As previously stated, this forfeiture action is brought pursuant to Title 21 U.S.C. § 881(a)(6), which provides in relevant part as follows:

> (a) The following property shall be subject to forfeiture to the United States and no property right shall exist in them:

> . . . . .

> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter . . .

Under Title 19 U.S.C. § 1615, which is incorporated into the Controlled Substances Act by 21 U.S.C. § 881(d), "[i]n all suits or actions . . . brought for . . . forfeiture . . . where the property is claimed by any person, the burden of proof shall lie upon such claimant . . . Provided, that probable cause shall first be shown for the institution of such suit or action, to be judged by the court . . ."

As this Court has already held that probable cause existed to believe that the property in question was illegally used, the burden now shifts to the claimant. See 19 U.S.C. § 1615. This burden must be met to prevail in this suit, however, in order to prevail against the government's motion for summary judgment, the Claimant need only show a genuine issue of material fact exists.

■ As the government has correctly provided, for Claimant David Nesser to prevail against the forfeiture action he must prove by a preponderance of the evidence that the currency does not constitute money which was either furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to such an exchange, *United States v. $50,-000 U.S. Currency,* 757 F.2d 103, 105 (6th Cir.1985); *United States v. $22,287.00 U.S. Currency,* 709 F.2d 442 (6th Cir.1983); and that the defendant currency was not used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of Title 21 of the United States Code punishable by more than one year's imprisonment. *See, United States v. Lots 12, 13, 14 and 15 Keeton Hts.,* 869 F.2d 942, 946 (6th Cir.1989).

In the instant matter the Claimant vehemently denies the government's allegations. His contention from the beginning has been that his mother-in-law supplied the money to him. Although the government states that a telephone call placed to the mother-in-law related to the officers that she knew "he's got some money on him but I don't know how much or nothing else," the mother-in-law, Ms. Toni McDuffy, has now executed an affidavit filed with this Court stating that, "[m]y son-in-law (claimant Nesser) received Eleven Thousand dollars of this money from myself, for the purpose of purchasing a car and making a personal loan to his two brothers in Columbus, Ohio." She further states, "[t]o the best of my personal knowledge, my son-in-law did not receive these funds from the proceeds of criminal activity . . ." These statements clearly raise a genuine issue of material fact to which the government would be required to rebut by placing the affiant's credibility in question. Although it appears that Ms. McDuffy's previous comments to an officer over the phone are in direct conflict with her subsequent affidavit, that is a question of credibility for a jury, and not this Court, to weigh.

Therefore, based upon this Court's conclusion that genuine issues of material fact exist, the government's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.