**UNITED STATES of America, Plaintiff,**

v.

**5.935 ACRES OF LAND, TAX MAP KEY (3)2–8–017–43, HONOMU, Defendant.**

**Civ. No. 85–1282.**

United States District Court, D. Hawaii.

Dec. 3, 1990.

Marshall Silverberg, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff.

Michael Weight, Honolulu, Hawaii, for claimant.

ORDER AND MEMORANDUM OF LAW REGARDING JURY INSTRUCTION ON THE INNOCENT OWNER DEFENSE UNDER 21 U.S.C. § 881(a)(7)

SPENCER WILLIAMS, District Judge.

## BACKGROUND

The United States brought this forfeiture action under 21 U.S.C. § 881(a)(7) against the above named parcel of land jointly owned by Modesto Socias and his wife Esperanza ("Claimant"). The forfeiture action stems from Mr. Socias' two convictions for growing and distributing marijuana on this parcel of land. Because summary judgment was entered against Mr. Socias as claimant, only Mrs. Socias remains as a claimant in this action.

Under 21 U.S.C. § 881(a),

[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them:

.   .   .   .   .

(7) All real property, including any right, title, and interest in the whole of any lot improvements, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

In a forfeiture case, the government has the initial burden of showing probable cause to believe that the subject property was used in violation of title 21 of the U.S.Code. *United States v. One 56–Foot Yacht Named Tahuna,* 702 F.2d 1276, 1281 (9th Cir.1983). Once the government meets this burden, the burden shifts to the claimant to prove a defense by a preponderance of the evidence. *United States v. 526 Liscum Drive, Dayton, Montgomery County, Ohio,* 866 F.2d 213, 216 (6th Cir.1989); *United States v. A Single Family Residence,* 803 F.2d 625, 629 (11th Cir.1986). In this case, the government met its initial burden by prevailing on summary judgment on the issue of probable cause. Thus, at trial, Claimant had the burden of proving a defense by a preponderance of the evidence.

## I. *Introduction*

At trial, Claimant attempted to establish the so-called "innocent owner" defense to forfeiture. Under 21 U.S.C. § 881(a)(7), "no property shall be forfeited ... by reason of any act or omission ... committed or omitted without the knowledge or consent of [the] owner." Thus, the only disputed factual issue at trial was whether or not Claimant knew or consented to her husband's drug-related endeavors.

At the instruction phase of trial, Claimant argued that the innocent owner defense set forth in 21 U.S.C. § 881(a)(7) is really comprised of two defenses: one based on lack of knowledge and the other based on lack of consent. Claimant therefore requested the following instruction:

The defense sought to be proved by Mrs. Socias in this case is known as the innocent owner defense. The law states that an owner does not forfeit her interest in real property if she did not know of or consent to the illegal act upon which the forfeiture is based. Thus, if you find by a preponderance of the evidence that the illegal conduct was com-

mitted without the knowledge or consent of Mrs. Socias, then her interest in the property cannot be forfeited.

The government, however, argued that Claimant had no defense unless she proved *both* that she did not know of the drug activity *and* that she did not consent to the drug activity.

Despite the fact that the government's position seemed to conflict with the plain language of the statute, the government was able to cite language in a 1990 Ninth Circuit case that directly supported its argument. That case, *U.S. v. One Parcel of Land Known as Lot 111-B, Tax Map Key 4-4-03-71(4), Waipouli, Kapaa, Island and County of Kauai, State of Hawaii,* 902 F.2d 1443, 1445 (9th Cir.1990), forms the basis for the discussion that follows.

## II. *Lot 111-B*

### A. The Law of the Circuit

■ It is an elementary principle of federal jurisprudence that federal district courts must follow the rules of law announced by the appellate court in their circuit. Indeed, both the purpose and efficiency of our three-tier federal appellate system would be thwarted if district courts were permitted to ignore the prior holdings of their circuit courts. However, this simple rule of hierarchical authority is quickly complicated when the language in an appellate court's opinion does not clearly qualify as a holding or rule of law.

#### 1. *Obiter Dicta*

"Dictum" (an abbreviated form of *obiter dictum,* meaning "a remark by the way") is a statement in a judicial opinion that treats matters which are unnecessary or peripheral to the decision or result in the case. Blacks Law Dictionary defines dicta as "[s]tatements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." However, in *United States v. Title Insurance & Trust Co.,* 265 U.S. 472, 44 S.Ct. 621, 68 L.Ed. 1110 (1924), the Supreme Court made clear that dicta cannot be so simply defined: "for where there are

two grounds, upon either of which an appellate court may rest its decision, and it adopts both, 'the ruling on neither is *obiter,* but each is the judgment of the court and of equal validity with the other.'" *Id.* at 486, 44 S.Ct. at 623 (quoting *Union Pacific R.R. Co. v. Mason City & Fort Dodge R.R. Co.,* 199 U.S. 160, 166, 26 S.Ct. 19, 20, 50 L.Ed. 134 (1905); *see Railroad Companies v. Schutte,* 103 U.S. 118, 143, 13 Otto 118, 143, 26 L.Ed. 327 (1880)).

In *Lot 111-B,* the result in the court's per curiam opinion can be said to rest upon two equally valid and independent grounds: first, that the claimant in the forfeiture action lacked standing; and second, that the claimant did not qualify as an "innocent owner" under the forfeiture statute. *U.S. v. One Parcel of Land, Known as Lot 111-B, Tax Map Key 4-4-03-71(4), Waipouli, Kapaa, Island and County of Kauai, State of Hawaii,* 902 F.2d 1443 (9th Cir.1990). A cursory application of *United States v. Title Insurance & Trust Co.* to *Lot 111-B,* therefore, suggests that neither ground is dictum and both grounds must be considered holdings of the court. However, because one ground in *Lot 111-B* is a necessary threshold to the court's consideration of the other, the analysis is not so simple.

#### 2. *Standing*

In *Lot 111-B,* the court ruled that the claimant lacked standing to challenge the forfeiture. *Lot 111-B,* 902 F.2d at 1445. Although the doctrine of standing in federal courts has roots in the "cases or controversies" requirement of Article III of the Constitution, there are also nonconstitutional limitations on standing. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979). The *Lot 111-B* opinion does not indicate whether or not the claimant's lack of standing was of constitutional dimensions.

■ However, no matter what the source of the standing requirements, the doctrine of standing is always either a limitation on federal court jurisdiction or a

limitation on its exercise. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). Thus, if a federal court rules that a claimant is without standing, it is certain that the court has *not* exercised jurisdiction over the case.

Since no court can rule on the merits of a case over which it has not exercised jurisdiction, it follows that a court's statement of the law applicable to the merits of such a case is necessarily dictum. *See United Steelworkers of America AFL–CIO–CLC v. Johnson*, 799 F.2d 402, 404 (8th Cir.1986) ("Because the case was decided upon the [plaintiff's] lack of standing, [the court's views about the plaintiff's constitutional and preemption claims] remain dicta and cannot be the law of that case, or this."). Since the *Lot 111–B* court ruled that the claimant lacked standing, that court's interpretation of the statutory "innocent owner" defense is necessarily dictum and thus does not bind this court.

## B. The "Innocent Owner" Defense under *Lot 111–B*

Even if an appellate court's construction of the law is dictum, its opinion is entitled to some consideration by lower courts. In *Lot 111–B*, the court stated that "if the claimant *either* knew *or* consented to the illegal activities, the 'innocent owner' defense is *unavailable.*" *Lot 111–B*, 902 F.2d at 1445 (last emphasis added). Thus, this court should consider whether this correctly interprets the statutory language: "no property shall be forfeited … by reason of any act or omission … committed or omitted without the knowledge or consent of [the] owner." 21 U.S.C. § 881(a)(7).

Under the *Lot 111–B* interpretation, an owner has a defense to forfeiture, but it is only one defense, requiring proof of both of two elements. However, the language of the statute seems to provide unambiguously for two defenses to forfeiture: (1) that the illegal act occurred without her knowledge and (2) that the illegal act occurred without her consent.

The *Lot 111–B* interpretation renders the words "or consent" in the statute completely superfluous. Under *Lot 111–B*, the "innocent owner" must prove both no knowledge *and* no consent in order to have a defense. Yet obviously proof of no knowledge will automatically prove no consent, since one cannot consent to something about which one does not know. Clearly, if Congress had intended this result, it would not have added the words "or consent."

Furthermore, the *Lot 111–B* interpretation does not comport with a common sense understanding of Congress' intent. Obviously, by including an "innocent owner" defense, Congress sought to protect individuals who are innocently unaware that their property is being used in violation of the statute. It therefore makes little sense to suppose that Congress wished to withhold that protection from one who discovers the activity and immediately takes steps to terminate it. Yet this is exactly the result if the *Lot 111–B* interpretation is followed, because the innocent discoverer would not be able to prove "without knowledge" in her defense.

It is interesting that the *Lot 111–B* court did not cite a single case in its discussion of the "innocent owner" defense despite the fact that the Third Circuit had issued a thoughtful opinion on this issue in *United States v. Parcel of Real Property Known as 6109 Grubb Road, Millcreek Township, Erie County, Pennsylvania*, 886 F.2d 618, 626 (3d Cir.1989). In fact, the *Lot 111–B* court's only support for its position was a sentence from a committee report explaining the language of a *different section*, Section 881(a)(6). Even assuming that Congress intended the same result in both sections of the statute, the committee report should not be given great weight since it contradicts the statute's unambiguous language.

Because Congress does not enact committee reports, the reports are relevant only insofar as they may shed light on the probable intent or understanding of Congress in passing a statute. "Where the terms of a statute are clear and unambiguous, the legislative intent must be derived from it, even if the intent expressed con-

flicts with the purpose of the statute set forth in committee reports." Sutherland Stat. Const. § 48.06 (4th Ed). Where a committee report suggests an interpretation that is contrary to the plain language of the statute, it is unreasonable to suppose that Congress adopted this understanding, but chose not to correct the misleading statutory language on the floor.

For all of the foregoing reasons, this court declines to adopt the interpretation of the innocent owner defense expressed in *Lot 111–B.*

### III. *The Position of the Second and Third Circuits*

Both the Second and Third Circuits have ruled that "a claimant may avoid forfeiture by establishing either that he had no knowledge of the narcotics activity or, if he had knowledge, that he did not consent to it." *United States v. 141st Street Corporation,* 911 F.2d 870, 878 (2d Cir.1990); *see United States v. Parcel of Real Property Known as 6109 Grubb Road, Millcreek Township, Erie County, Pennsylvania,* 886 F.2d 618, 626 (3d Cir.1989).

In *6109 Grubb Road,* the Third Circuit relied on basic canons of statutory construction in ruling that the word "or" in the statute means that the connected words must be given their independent meanings. Thus, the words "knowledge" and "consent" should not be read as two words used to describe the same concept. Instead, courts must assume that the terms "knowledge" and "consent" each add a unique element to the statutory provision.

In *141st Street Corp.,* the Second Circuit made use of prior case law, Webster's Dictionary, and both intrinsic and extrinsic aids to statutory construction in arriving at its conclusion. The court's lengthy and carefully written opinion concludes that permitting a claimant to assert two defenses, one based on lack of knowledge, and the other based on lack of consent, does not undermine Congress' intent in its war on drugs; Rather, it furthers Congress' expressed desire to protect innocent owners. The court also went on to evaluate the lower court's jury instruction on the defini-

tion of "consent," but that question is not before this court.

### CONCLUSION

 A forfeiture under 21 U.S.C. § 881(a)(7) fails if the claimant can prove *either* that he had no knowledge of the illegal activity, *or* that he did not consent to it. Although this holding appears to contradict the position taken by this Circuit in *U.S. v. One Parcel of Land, Known as Lot 111–B, Tax Map Key 4–4–03–71(4), Waipouli, Kapaa, Island and County of Kauai, State of Hawaii,* 902 F.2d 1443, 1445 (9th Cir.1990), the relevant language in that case is mere dictum, and thus is not binding. In the absence of relevant Ninth Circuit case law, this court chooses to follow the considered opinion of the Second and Third Circuits. On this basis, therefore, Claimant's proposed jury instruction on the innocent owner defense was accepted.

IT IS SO ORDERED.