46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bob OLSEN, Devon Aviation, Fausto Cardenas, and Cesar
Medina, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-55417.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 6, 1994.
Decided: Jan. 27, 1995.
 
 Before: FLETCHER, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bob Olsen, Devon Aviation, Fausto Cardenas, and Cesar Medina ("Appellants"), who claim an interest in an airplane which was seized and administratively forfeited by the United States Customs Service, appeal the district court's denial of their motion for return of the property and their subsequent motion for reconsideration. The district court found that Appellants lacked standing to challenge the forfeiture of the plane. We affirm.
 
 
 3
 I. The District Court Did Not Err in Finding That Appellants Lacked Standing
 
 
 4
 A district court's determination of standing is a question of law that is reviewed de novo. United States v. $191,910.00, 16 F.3d 1051, 1057 n.10 (9th Cir. 1994).
 
 
 5
 The district court found that Appellants had no standing to challenge the forfeiture of the plane. Appellants argue on appeal that they had "standing" for purposes of receiving a seizure notice, which is different and broader than standing to file a claim in a civil forfeiture action. Their argument, however, evades the critical issue. Even if Appellants did receive a seizure notice, if they had no standing to challenge the seizure because they lacked an interest in the property, they would not be entitled to litigate any aspect of the propriety of the forfeiture. Therefore, whether Appellants had standing to challenge the forfeiture is the issue which must be resolved before the question of the adequacy of the notice can even be reached.
 
 
 6
 To have standing to challenge a forfeiture, a claimant must allege that he has a property interest in the forfeited property. Id. at 1057. In their motion for return of the property, Appellants did not attach any declarations or information which would provide some basis for establishing their interest in the plane.
 
 
 7
 Although Fausto Cardenas and Cesar Medina claim ownership interests in the plane, they failed to provide the district court at the time of its ruling on this issue with any evidence of their interest in the property. As the district court noted, "There is no evidence that a Mr. Cardenas exists, let alone whether he has an ownership interest in the aircraft sufficient to confer standing," and "there's no information at all about a Mr. Medina." Therefore, Cardenas and Medina failed to establish standing to challenge the forfeiture of the plane.
 
 
 8
 The same was true for Bob Olsen and his business, Devon Aviation. No declaration of his interest in the plane was included in the original motion for return of the property. Even though Olsen possessed the plane's documents and F.A.A. records reflected a bill of sale from Frank Burdick to Bob Olsen of Devon Aviation, Olsen himself had not come forward with evidence of his possession and control over the property. "'[P]ossession of mere legal title by one who does not exercise dominion and control over the property is insufficient ... to establish standing to challenge a forfeiture."' United States v. One Parcel of Land, 902 F.2d 1443, 1444 (9th Cir. 1990) (quoting United States v. A Single Family Residence, 803 F.2d 625, 630 (11th Cir. 1986)). Because Olsen provided the court with no affirmative information concerning his interest in the plane, the court properly found that Olsen lacked standing to contest the forfeiture.
 
 
 9
 Because we find that, at the time of the original motion for return of the property, Appellants failed to produce information linking them to the plane, we conclude that the district court did not err in finding that Appellants lacked the requisite standing to challenge the forfeiture.
 
 
 10
 II. The District Court Did Not Abuse Its Discretion in Denying Appellants' Motion for Reconsideration
 
 
 11
 After the denial of Appellants' original motion, Appellants filed a subsequent motion for reconsideration, attaching their affidavits declaring their interests in the property. The district court denied the motion, however, on the ground that the declarations should have been filed with the initial motion. The denial of a motion for relief under Federal Rule of Civil Procedure 59(e) or 60(b) will not be reversed absent an abuse of discretion. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991) (as amended). We find that the district court did not abuse its discretion in denying Appellants' motion for reconsideration, because the information and declarations attached to the subsequent motion could and should have been filed with the original motion for return of the property.[1]
 
 
 12
 We agree with the district court that the information in Appellants' declarations was within the control of Appellants at the time of their original motion and should have been included then. Appellants' counsel should not have filed the initial motion without having been prepared with the evidence necessary to make the claim. Moreover, Appellants' counsel never requested any extension of time prior to the hearing on the original motion to obtain the declarations needed to rebut the Government's challenge to Appellants' standing.
 
 
 13
 Appellants argue that because they were never given notice or any information with respect to the seizure of the property, they did not know the plane had been forfeited until they filed the original motion and received the Government's response. Therefore, Appellants' counsel acted with all possible haste in filing the original motion in order to avert the forfeiture and to learn what had happened to the plane.
 
 
 14
 As to why the declarations were not obtained and submitted before the hearing on the original motion, Appellants' counsel asserts that only thirteen days existed between the time of receiving the Government's response challenging Appellants' standing and the hearing date. Fausto Cardenas and Cesar Medina had to come to Los Angeles from Mexico in order to prepare their declarations. Counsel was also in trial during that time period and four of those days constituted the Thanksgiving holiday.
 
 
 15
 This does not explain, however, why Appellants' counsel did not request an extension of time before the hearing in order to obtain the declarations. Counsel was aware that Appellants' standing was directly challenged by the Government and would be a critical issue before the court at the hearing. Therefore, counsel should have made every effort to secure the additional time needed to obtain the information relevant to the standing issue. As the district court noted, Appellants cannot selectively submit evidence to the court, and then, upon losing, reapply with a motion for reconsideration and submit more evidence that was previously in their control.
 
 
 16
 Therefore, we find that the district court did not abuse its discretion in denying Appellants' motion for reconsideration.
 
 III. Availability of Administrative Relief
 
 17
 The district court mentioned the possible availability of administrative remedies for Appellants under 19 C.F.R. Secs. 171.41-43. We assume that if an adequate showing is made in the administrative proceeding that Appellants have an interest in the property, strong consideration will be given to Appellants' claim in view of the fact that forfeitures are "'not favored by the courts"' because of their "'harsh and oppressive"' nature. $191,910.00, 16 F.3d at 1069 (quoting United States v. $31,990, 982 F.2d 851, 856 (2d Cir. 1993)).
 
 CONCLUSION
 
 18
 We find that Appellants failed to establish standing in their original motion for return of the property. We also find that the district court did not abuse its discretion in refusing to consider the declarations attached to the subsequent motion for reconsideration. Accordingly, we affirm the district court's denial of both motions.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellants argue that the district court erred in construing its Rule 59(e) motion for reconsideration as a motion for relief from final judgment under Rule 60(b). We need not decide this issue, however, because the standard of review is the same under both Rules, and we find that the district court did not abuse its discretion in denying the motion, however it was characterized, because the declarations attached to the subsequent motion should have been filed in the original proceeding