866 F.2d 213
 UNITED STATES of America, Plaintiff-Appellee,
v.
PREMISES KNOWN AS 526 LISCUM DRIVE, DAYTON, MONTGOMERY
COUNTY, OHIO, a parcel of real property, and all
appurtenances thereto, and Theresa A.
Booker, Defendants-Appellants.
 No. 87-3699.
 United States Court of Appeals,
Sixth Circuit.
 Submitted July 19, 1988.
Decided Jan. 25, 1989.
 
 1
 Robert E. Renshaw, Dayton, Ohio, for defendants-appellants.
 
 
 2
 Dale Ann Goldberg Asst. U.S. Atty. Dayton, Ohio, for plaintiff-appellee.
 
 
 3
 Before MARTIN and WELLFORD, Circuit Judges, and GIBBONS, District Judge.*
 
 
 4
 GIBBONS, District Judge.
 
 
 5
 This appeal presents the issue of whether appellant Theresa A. Booker, who holds title to the premises at 526 Liscum Drive in Dayton, Montgomery County, Ohio, has produced sufficient evidence of her standing to contest the forfeiture of that property pursuant to the forfeiture provision of the Controlled Substances Act, 21 U.S.C. Sec. 881. The district court granted the government's motion for summary judgment, concluding that Theresa A. Booker had failed to submit sufficient evidence demonstrating her standing to challenge the forfeiture. We affirm.
 
 
 6
 This case arises out of a search at the Liscum Drive address. On February 10, 1986, a Dayton municipal court issued a search warrant for premises located at 526 Liscum Drive. The affidavits in support of the search warrant indicated that the occupants were Gene and Jimmie Booker, a married couple known to have been previously involved in drug trafficking. The search revealed four and one-half ounces of heroin, various drug paraphernalia and over $19,000 in currency, $1,000 of which was identified as currency used to make undercover drug purchases by state law enforcement officials.
 
 
 7
 Following the search, special agents of the Federal Bureau of Investigation began to interview certain individuals regarding the ownership status of the Liscum premises. Following this investigation, the government instituted the instant forfeiture proceeding. Theresa A. Booker filed a claim for the property, asserting that she was its sole owner.
 
 
 8
 The government supported its motion for summary judgment with affidavits of Dayton Police Department Detective Roger D. Rockwell and F.B.I. Special Agent W. Philip Sandidge. Rockwell's affidavit details the information known to law enforcement officials prior to the search, including information from a confidential informant about heroin sales from the Liscum Drive residence by Gene and Jimmie Booker and Rockwell's personal observation of the informant's entry into the residence to purchase heroin and his exit from the residence with the drug. Rockwell reports that the Liscum Drive property is titled in the name of Theresa A. Booker. He also relates his interview with Charles Hall, an individual who had previously purchased cocaine at 526 Liscum. Charles Hall stated that Gene Booker told Hall that he (Gene Booker) had purchased the Liscum premises for $40,000 and had put the property in someone else's name.
 
 
 9
 Sandidge's affidavit reports a number of interviews concerning the Liscum premises. Richard L. Booker, Gene Booker's brother, told Sandidge that Gene Booker bought 526 Liscum in January 1986 and that Gene Booker lives at that address. Richard Booker confirmed that his brother had been selling drugs for a long time. Richard Booker identified Theresa Booker as the youngest of Gene Booker's four daughters and gave the following additional information about her. She has lived in California since her graduation from college in 1981 or 1982. She visited her father during Christmas 1985, but returned to California before January 1, 1986. Theresa Booker has worked out of a secretarial pool since being laid off from her job in 1985.
 
 
 10
 Sandidge's affidavit also includes information from the former owner of the house. The former owner indicated that he showed the house to Gene and Jimmie Booker and that the Bookers were present at the closing, while Theresa Booker was not present. The former owner stated that Jimmie Booker kept saying that her daughter was going to buy the house, but that he thought the Bookers just wanted to put the house in someone else's name. The former owner never met Theresa Booker, but had one phone conversation with her about the payment of the remainder of the purchase money. The former owner first met the Bookers through a man named Evans, who described Gene Booker as his nephew. Evans' wife told Sandidge that Gene Booker bought the house with his own money and placed it in his daughter's name.
 
 
 11
 Theresa A. Booker responded to the government's motion for summary judgment with her own affidavit. This affidavit states that the affiant is owner of the Liscum Drive property and that any drug offenses committed there were without her knowledge or consent.[1]
 
 
 12
 The district court found that the government had sustained its burden of showing probable cause for the seizure. 19 U.S.C. Sec. 1615; 21 U.S.C. Sec. 881. Accordingly, the district court then placed the burden on the claimant to submit evidence creating a genuine issue of material fact as to whether she was the true owner of the property. Relying on United States v. A Single Family Residence, 803 F.2d 625 (11th Cir.1986), the district court found that evidence of bare legal title, in the absence of dominion, control or some other indicia of ownership, is insufficient to establish standing to challenge the seizure. Because claimant presented no evidence other than that title to the property was in her name, the district court correctly found that she had failed to satisfy her burden to establish standing to challenge the forfeiture.
 
 
 13
 Under 19 U.S.C. Sec. 1615, which is incorporated into the Controlled Substances Act by 21 U.S.C. Sec. 881(d), the United States must establish probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance. United States v. One 1966 Beechcraft Baron, 788 F.2d 384, 387 (6th Cir.1986) (forfeiture action under the Anti-Smuggling Act, 19 U.S.C. Sec. 1703); United States v. A Single Family Residence, 803 F.2d 625, 628 (11th Cir.1986); United States v. $4,255,625.39, 762 F.2d 895, 903 (11th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); United States v. $22,287.00, 709 F.2d 442, 446 (6th Cir.1983). Probable cause means "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." $22,287.00, 709 F.2d at 446-47 (quoting United States v. One 1978 Chevrolet Impala, 614 F.2d 983, 984 (5th Cir.1980) (emphasis added)). Pursuant to 19 U.S.C. Sec. 1615, once the government has met its burden of showing probable cause to institute the forfeiture action, the burden then shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture. One 1966 Beechcraft Baron, 788 F.2d at 387; A Single Family Residence, 803 F.2d at 629; $22,287.00, 709 F.2d at 446. As an element of this burden, claimant has the burden of proving an interest in the property sufficient to establish her standing under the statute to contest the seizure and resulting forfeiture.[2] United States v. $38,000.00, 816 F.2d 1538, 1544 (11th Cir.1987); United States v. One Eighteenth Century Colombian Monstrance, 802 F.2d 837, 838 (5th Cir.1986), cert. denied, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987); $4,255,625.39, 762 F.2d at 907; United States v. $364,960.00, 661 F.2d 319, 326 (5th Cir.1981).
 
 
 14
 Two other United States Courts of Appeals have found that possession of bare legal title by one who does not exercise dominion or control over property may be insufficient to establish standing to challenge a forfeiture. A Single Family Residence, 803 F.2d at 630; United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27, 28 (8th Cir.1979), cert. denied, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982); see also United States v. One 1977 36-Foot Cigarette Ocean Racer, 624 F.Supp. 290, 294 (S.D.Fla.1985). The intent of the forfeiture provision of the Controlled Substances Act is to deprive criminals of the tools by which they conduct their illegal activities. H.R.Rep. No. 1444, 91st Cong., 2d Sess., reprinted in 1970 U.S.Code Cong. and Admin.News 4566, 4623-24. A failure to look beyond bare legal title would foster manipulation of nominal ownership to frustrate this intent. See A Single Family Residence, 803 F.2d at 630; Douglas C-54 (DC-4) Aircraft, 604 F.2d at 28-29; Cigarette Ocean Racer, 624 F.Supp. at 294-95.
 
 
 15
 The United States has established probable cause for the seizure of the property at 526 Liscum drive as a matter of law. The information from the confidential informant, the observed drug purchases and the fruits of the search plainly support a probable cause finding.[3] In addition, the government has established probable cause to believe that Theresa A. Booker is merely the holder of legal title to the Liscum drive property and not the true owner. Claimant therefore has the burden of establishing her standing to contest the forfeiture and, if standing is established, claimant has the further burden of demonstrating that the property is not subject to forfeiture. 19 U.S.C. Sec. 1615.
 
 
 16
 Claimant has failed to come forth with evidence sufficient to create a genuine issue of material fact as to her standing to contest the forfeiture. Her affidavit simply states that she holds legal title to the property; it contains no information indicating that she has dominion or control over the property or that she is anything other than a nominal or straw owner. We hold that when the government establishes probable cause to believe that a claimant is merely a nominal or straw owner, as it has done here, a claimant cannot meet its burden of establishing standing to challenge a forfeiture by presenting proof of legal title alone. The claimant must also present evidence of dominion and control or other indicia of true ownership. Since the government has established probable cause to believe that Booker is not the true owner, we do not decide the issue of whether a claimant is required to show more than legal title in the absence of such a probable cause showing of lack of true ownership.
 
 
 17
 To defeat a motion for summary judgment, the non-moving party must, at a minimum, "make a showing sufficient to establish the existence of an element essential to that party's case, ... on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Claimant, by failing to present any evidence that she was anything more than the nominal holder of legal title of the Liscum Drive property, did not satisfy this burden and thus, summary judgment was properly entered against her.
 
 
 18
 Claimant makes several other arguments not raised in the district court. This court will not consider on appeal these issues not presented to the trial court. See, e.g., Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 217 (6th Cir.1985). Although claimant seeks to characterize an issue of whether the Liscum Drive property was within the territorial jurisdiction of the municipal court that issued the search warrant as an issue of subject matter jurisdiction that may be raised at any time, that issue does not relate in any way to the subject matter jurisdiction of the federal court.[4]
 
 
 19
 The judgment of the district court is affirmed.
 
 
 20
 WELLFORD, Circuit Judge, concurring.
 
 
 21
 The special circumstances of this case set out in some detail by Judge Gibbons indicate that claimant Theresa A. Booker did have an opportunity, by affidavit or use of discovery, to present evidence that would support the bona fides of her claim to be an innocent owner. I therefore concur.
 
 
 22
 The result reached in this case is probably the one that would have been reached had a hearing taken place. I write separately, however, to emphasize that the normal course in such a case is to afford a hearing to a titleholder of property who claims to be an innocent owner without knowledge of the unlawful use of the property. See United States v. A Single Family Residence, 803 F.2d 625 (11th Cir.1986), which recites that the titleholder was given a hearing on her claim for return of a residence subject to forfeiture due to the fact that it was purchased with funds obtained through the sale of drugs. I believe the district court in that case followed the correct normal procedure by actually affording two hearings--one to determine whether the residence was used for illegal drug activities or was acquired by proceeds traceable to drug sales and another to determine the validity of the claimant's affirmative defense of innocent ownership--before determining that forfeiture was appropriate.
 
 
 23
 The Government filed its forfeiture complaint October 10, 1984, and Heidi filed a verified claim and motion for return of the Property on October 18, 1984.
 
 
 24
 * * *
 
 
 25
 * * *
 
 
 26
 On May 16, 1985, the district court held a probable cause hearing at which it found that the Government had established probable cause to believe that the Property was proceeds traceable to Baldwin's drug sales. Based on this holding, the district court denied Heidi's motion for return of the Property. On September 23, 1985, the district court held a further hearing at which Heidi was given the opportunity to establish the affirmative defense of innocent ownership. See id. Sec. 881(a)(6). On September 30, 1985, the district court entered final judgment for the United States, finding that Heidi had failed to establish the defense of innocent ownership and ordering that the Property be sold.
 
 
 27
 803 F.2d at 628 (emphasis added).
 
 
 28
 Theresa A. Booker in this case made no effort to present evidence of any kind to gainsay the evidence presented in detailed affidavit form[1] by the government to the effect that she was merely "a straw person" with no apparent dominion or control over the property, and that she made no actual investment therein. I therefore find no error in the grant of summary judgment under these circumstances without the normal hearing.
 
 
 
 *
 The Honorable Julia Gibbons, Judge, United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 The averments with respect to lack of knowledge and consent represent an apparent effort to establish that Theresa Booker was an innocent owner of the property. The statute provides that property is not subject to forfeiture "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. Sec. 881(a)(7). The issue of innocent ownership is distinct from the issue of standing raised in this appeal
 
 
 [2]
 Certain courts have characterized standing as a "threshold" issue which precedes consideration of the existence of probable cause for the seizure. United States v. $38,000.00, 816 F.2d 1538, 1544 (11th Cir.1987); United States v. One Eighteenth Century Colombian Monstrance, 802 F.2d 837, 838 (5th Cir.1986), cert. denied, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987). Since the government has submitted evidence establishing probable cause for the seizure, we are not presented with the question of whether or not standing is a "threshold" issue
 
 
 [3]
 The affidavits that establish probable cause contain much hearsay evidence. The hearsay statements are properly considered to establish probable cause in a forfeiture proceeding. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); United States v. One 56-Foot Yacht Named Tahuna, 702 F.2d 1276 (9th Cir.1983); see also United States v. One 1975 Mercedes 280S, 590 F.2d 196 (6th Cir.1978)
 
 
 [4]
 In any event, claimant's contention as to the location of the property is unsupported by any competent evidence in this record. The only item in this record suggesting that the property was outside the city of Dayton is a survey map inserted in the joint appendix. Apparently, this map was not a part of the record before the trial court. The map is not accompanied by an affidavit or any evidence that identifies or authenticates it. The names "Liscum Dr." and "Jefferson Township" have been handwritten on the printed map. The map also contains a handwritten note that attempts to indicate the boundary line between the City of Dayton and Jefferson Township. There is no indication of the source of the handwritten notations. In short, the court is left with nothing to consider on this issue other than counsel's unsupported statements in claimant's brief
 
 
 [1]
 We have also cautioned in State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 264 (6th Cir.1979), that affidavits "composed of hearsay and opinion evidence" do not, as a general rule, satisfy summary judgment requirements