**UNITED STATES of America, Plaintiff,**

v.

**FORTY THOUSAND DOLLARS ($40,-000.00) IN U.S. CURRENCY, Defendant.**

**No. C2–90–352.**

United States District Court, S.D. Ohio, E.D.

May 7, 1991.

Kevin Conners, Columbus, Ohio, for plaintiff.

Max Karvitz, Columbus, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This case is before the Court pursuant to motions by both Plaintiff and Claimant. Plaintiff has filed a Motion to Strike Claim of Sharon Clough and a Motion for Summary Judgment. Claimant has filed a Motion to Dismiss and Suppress for Lack of Probable Cause. In its motions, respectively, Plaintiff argues that Claimant has failed to comply with the applicable rules for filing a claim and that Claimant has failed to present any issues of material fact. Claimant, in her motion, argues that Plaintiff did

not fulfill its burden to show probable cause.[1]

## FACTS

On June 7, 1989, U.S. Custom agents in Brownsville, Texas learned that Dennis Clough was involved in the transportation of about 110 pounds of marijuana from Houston, Texas to Birmingham, Alabama. Investigation into this matter lead to the arrest of two individuals who told Birmingham police that marijuana was intended for two men from Ohio. Soon thereafter, U.S. Customs agents arrested Hymie Nueniz, who they determined was the originator of the shipment. When arrested, Mr. Nueniz was riding a motorcycle registered to Dennis Clough. Mr. Nueniz told the police that he had delivered a large shipment of marijuana to two men from Ohio whom he identified as Dennis Clough and another man, Paul Hardesty.

The Coshocton County, Ohio Sheriff's Department was notified by the Birmingham police and U.S. Customs and set up surveillance on the Clough residence located in Coshocton County. On September 14, 1989, Birmingham police officers arrested Dennis Clough and others in Birmingham while they were in possession of some marijuana and $70,000. That same day, the Birmingham police also notified the Coshocton County Sheriff of these arrests. At that point, the Sheriff's Department sought a search warrant for the Clough residence. While waiting for the search warrant Larry Bowman arrived at the Clough residence and left a short time later, loading a cardboard box into his car. Sheriff's deputies stopped Mr. Bowman as he attempted to drive away. The officers sought and obtained a search warrant for the interior of the car.

As a result of that search the officers seized $40,000 found in a locked metal box which was in the cardboard box in the possession of Larry Bowman. Additionally, other items were seized, including two diamond rings, numerous titles to motor vehicles and 100 grams of marijuana. Sometime after the seizure, Ms. Clough informally requested the return of these items at the Coshocton County Sheriff's Department and a number of them were returned to her at that time. The items that were withheld were the $40,000 and the marijuana.

On or about September 20, 1989, the Coshocton County Sheriff's Department notified the Federal Bureau of Investigation (FBI) in Cincinnati, Ohio of the seizure and the surrounding circumstances. The FBI conducted a preliminary investigation, then on October 12, 1989 decided to adopt the seizure and begin an administrative action pursuant to 19 U.S.C. §§ 1607 and 1610. All information regarding the seizure was sent to the Washington D.C. Office from which the administrative action would be maintained.

Notice of the administrative proceeding was mailed, via certified mail, to Larry Bowman, Dennis Clough, Sharon Clough and Terry Russell on February 20, 1990. Subsequently, Sharon Clough signed the acknowledgement of receipt of notice. On March 16, 1990 Dennis Clough, Claimant's husband, filed a claim and cost bond in the amount of $4,000 pursuant to 19 U.S.C. § 1608. On May 16, 1990, the U.S. Attorney filed a complaint for forfeiture. The United States served a summons and a copy of the complaint on Larry Bowman, Dennis Clough, Sharon Clough and Terry Russell. Sharon Clough filed her claim to the $40,000 in the instant action on or about May 25, 1990. No other such claims were filed.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,*

---

1. Claimant voluntarily withdrew her counterclaims in her Motion and Memorandum filed on October 9, 1990.

477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations,* 666 F.Supp. 1053 (S.D.Ohio 1987) (J. Graham), this district enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 1); *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

### I. Plaintiff's Motion to Strike Claim

■ Failure to comply with the requirements of Supplemental Rule C(6) for Certain Admiralty and Maritime Claims invalidates a claim. The Government argues that such a failure exists in this case and, therefore, moves this Court to strike the claim.

Rule C(6) requires that Claimants timely file a claim which "... shall be verified on oath or affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." The Government claims that Claimant neither verified her claim nor stated an interest that entitles her to defend this action.

■ On the face of the claim, the Court is satisfied that Claimant adequately verified her claim. Attached to the claim is a verification in which Claimant declares under penalty of perjury that all statements in the claim are true to the best of her knowledge. Especially, since the Government states no reason why the verification is inadequate, this Court is reluctant to strike the claim on this basis.

■ Claimant stated in her claim that she is the "owner" of the defendant $40,-

000. The Government argues that a declaration of ownership is insufficient to state an interest in the property because Claimant failed to supply the supporting facts to the statement nor did she set forth how or when she acquired her interest. Nowhere in Supplemental Rule C(6) is there a requirement that the Claimant explain how or when his or her interest began. Those issues become important later in a forfeiture proceeding, but they need not be included in the claim. Additionally, the claim need not supply facts, but verify with an "oath or solemn affirmation." In this respect, as noted previously, Claimant has complied with Supplemental Rule C(6).

Claimant states that she is the "owner" of the property. The Government argues that "ownership" is inadequate as a stated interest. Although the term "owner" may be a broad one, it is evidence that an interest is stated. Interested parties are reasonably able to define the extent of the interest claimed to determine the viability of Claimant's right to defend the action.

Accordingly, Plaintiff's Motion to Strike Claim of Sharon Clough is hereby DENIED.

II. Claimant's Motion to Dismiss and Suppress for Lack of Probable Cause

■ Claimant argues that she is entitled to a dismissal of this action or a suppression of evidence because the Government has failed to meet its burden of showing probable cause. Both parties agree that if the Government makes this showing, the Claimant must prove, by a preponderance of the evidence, that the property was not used in connection with illegal drug activity. However, if the Government fails to show probable cause this action must be dismissed.

■ In civil forfeiture actions the Government "must establish probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance." *United States v. 526 Liscum Dr., Dayton, Montgomery County*, 866 F.2d 213 (6th Cir.1988). Probable cause does not have a different meaning in forfeiture actions than in other areas of law. Probable cause is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $22,287*, 709 F.2d 442, 446–447 (6th Cir. 1983) (quoting *United States v. One Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir. 1980)).

This Court believes that there is sufficient information in the affidavit accompanying the complaint to support a finding of probable cause. The affiant Gerald Williams, a Forfeiture Specialist for the FBI familiar with the facts surrounding the case, swore that U.S. Customs Agents in Brownsville, Texas learned that Dennis Clough, Claimant's husband, was involved in transportation of about 110 pounds of marijuana from Houston, Texas to Birmingham, Alabama. Subsequently, Customs Agents arrested Hymie Nueniz. At the time of his arrest Mr. Nueniz stated that he had delivered a shipment of marijuana to two men from Ohio. He identified Dennis Clough and another man. Mr. Nueniz offered this information as part of a plea agreement. When notified of these facts the Coshocton County, Ohio Sheriff's Department sought a search warrant for the Clough residence. In the interim, they kept the Clough home under surveillance. While still waiting for the search warrant, Larry Bowman exited the residence and loaded a cardboard box into his car. The police stopped him. They obtained a search warrant for the car and found, among other things, the defendant $40,000 and about 100 grams of marijuana.

Claimant argues that these facts do not support a finding of probable cause. However, she does not come forward with any evidence to contradict these facts. As earlier noted the Government need not prove a prima facia case, only a reasonable ground for belief that money in question bore a substantial connection to illegal drug activity. The Government showed this through the above-cited facts. The Government showed multiple connections between a drug trafficker and Mr. Clough. Mr. Nueniz implicated Claimant's husband in the sale of marijuana. These facts alone

may satisfy the reasonable ground requirement, but when all the facts are put together they show a probable cause exists.

Moreover, the Government showed a "substantial connection" that the property was forfeitable. The $40,000 was found with 100 grams of marijuana. Mr. Clough was arrested in Birmingham, Alabama while in possession of a quantity of marijuana, on the same day that the $40,000 was seized. When coupled with all the other information presented above, it is evident that the Government succeeded in showing a substantial connection between the $40,000 and illegal activities.

 Claimant argues that the information in the affidavit is unreliable because it is hearsay, and as a result it is insufficient as a basis for probable cause. However, it is not enough for the Claimant to show that the affidavit is potentially unreliable, he or she must also show that the information is not true. Hearsay may be used to establish probable cause in forfeiture proceedings. *526 Liscum Dr.*, 866 F.2d at 217, n. 3. While the suspect reliability of hearsay statements are the reason for controlling their introduction at trial, they are not grounds to support Claimant's motion.

 Finally, Claimant alleges that the initial stop of Larry Bowman in his automobile constituted an illegal stop. However, the stop was well within the bounds of the Fourth Amendment. In *Carroll v. U.S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) the Supreme Court held that because automobiles are inherently mobile and there is a lower expectation of privacy, it would be unreasonable to require a search warrant. Probable cause must still exist for such a stop. Probable cause exists in this situation. Bowman was leaving a residence under surveillance for drug activity, a residence whose owner was arrested for drug activities. Exigent circumstances existed which required police to stop the car. If the police had not stopped the car, evidence that may have been legally uncovered if and when the police obtained a search warrant for the house, may have been lost. This was the exact situation the *Carroll* rule was intended to cover. The

Sheriff's Department acted legally and, in fact, obtained a warrant before searching the car.

Accordingly, Claimant's motion is DENIED.

### III. Plaintiff's Motion for Summary Judgment

#### A. *Claimant has Failed to Present any Genuine Issue of Material Fact*

The Government moves for summary judgment on the grounds that Claimant has not and cannot meet her burden of proving that the Defendant property is not forfeitable.

 Claimant contends that she has a right to an adversarial proceeding to determine whether probable cause exists to shift the burden of proof to her. No such right exists unless there is a genuine issue of material fact. As the Government correctly points out, Rule 56(c) of the Rules of Civil Procedure provides that when a properly supported motion for summary judgment is before the Court "judgment sought shall be rendered forthwith if the pleadings, ... together with the affidavits, if any, show there is no genuine issue as to any material fact." Claimant has not come forward with any facts or evidence that contradicts the Government's position, thus, she is not entitled to a trial because she does not show that there is a genuine issue of material fact.

Claimant cites two cases as support for her propositions. *United States v. $364,-960, in U.S. Currency*, 661 F.2d 319 (5th Cir.1981) and *U.S. v. Pole No. 3172, Hopkinton*, 852 F.2d 636 (1st Cir.1988). Neither of these decisions entitle her to a hearing. The Court in *$364,960* did require a hearing, but the hearing was on remand so that the claimants would have a chance to prove that the property was derived from legal sources. Previously, they had not had such an opportunity. *Pole No. 3172, Hopkinton* involved an indictment of the affidavit which was the basis for probable cause. It did not require a hearing to determine probable cause.

In *U.S. v. One 1975 Mercedes 280S, Etc.*, 590 F.2d 196 (6th Cir.1978) the Court ruled that in certain cases summary judgment was appropriate though probable cause may not be supported if the Claimant presented proof to the contrary. "[A] showing of probable cause is sufficient to warrant a forfeiture and ... summary judgment was properly entered in the absence of any exercise by the claimant of her rights to come forward and show the facts constituting probable cause did not exist." *Id.* at 199. Thus, no adversarial hearing is necessary because the Claimant was unable to present evidence to refute the facts that constituted probable cause, as in the case at hand.

 Claimant attacks the complaint as failing the particularity requirement in Supplemental Rule E(2)(a). The test under that rule is whether the Claimant can, without moving for a more definite statement, identify the circumstances sufficiently to conduct his or her own investigation. By expressly incorporating the supporting affidavit, the complaint fulfills this test. The claimant is notified of the people involved, their actions, the property and the locales. Certainly this is adequate under Rule E(2)(a).

Finally, Claimant argues that as a result of her allegations of a lack of probable cause, a genuine issue of material fact is created. However, bare allegations do not bring issues to light. Without support, such allegations do not void summary judgment.

B. *Claimants Asserted Defenses are Insufficient to Defeat the Government's Motion for Summary Judgment*

Claimant presents six defenses. None of which are sufficient to create an issue of material fact to defeat the Government's Motion for Summary Judgment.

Claimant's first defense is the Government's failure to show probable cause. As noted above, this Court holds the Government made its showing.

Claimant further argues that the seizure violated the Fourth, Fifth and Fourteenth Amendments. Like the probable cause defense, the Fourth Amendment argument has been addressed above. Her Fifth and Fourteenth Amendment arguments were disposed of in a previous Opinion and Order by this Court dated February 8, 1991.

 Claimant alleges that her right to a speedy trial has been violated. This is a civil forfeiture proceeding, therefore, no such right exists. The Sixth Amendment right to a speedy trial only applies to criminal prosecutions. Likewise, the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* applies only to criminal prosecutions. Thus, this defense is not an obstacle to the Government's Motion for Summary Judgment.

 Claimant also argues that this Court lacks jurisdiction over the subject matter herein. Under 28 U.S.C. § 1345 "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. Congress specifically provided that [t]he district courts shall have original jurisdiction, exclusive of the Courts of the States of any action or proceedings for ... forfeiture ... incurred under any act of Congress." 28 U.S.C. § 1355. These proceedings are duly "incurred" under 21 U.S.C. § 881(b), thus, this Court has jurisdiction.

Claimant argues that the Government failed to state a claim upon which relief can be granted. The Government included all parts of the complaint required under Supplemental Rule C(2) of the Federal Rules of Civil Procedure. The particularity requirement of Rule C(2) has been met. The property can be easily and readily identified. Also, the complaint states that the property is within this judicial district, that it was seized on land and gave the location of the seizure. No other information is required to state a claim.

 Finally, Claimant argues that the forfeiture provisions of 21 U.S.C. § 881 are unconstitutional. However, the constitutionality of forfeiture statutes has been routinely upheld. Moreover, Claimant put

**1430**

forth no citations or arguments to support her position. The mere allegation of unconstitutionality is insufficient to create a genuine issue of material fact.

Accordingly, Plaintiff's Motion for Summary Judgment is hereby Granted.

### CONCLUSION

Claimant had adequately filed her claim. She sufficiently verified the claim and stated an interest upon which her right to defend this action can be based. On the other hand, the Government fulfilled its burden of showing probable cause to believe that the property seized bears a substantial relationship to illegal drug activity. Moreover, Claimant did not come forward with any facts to contradict those upon which the Government relied for its determination of probable cause. In a civil action, a genuine issue of material fact is understandably necessary to get a case to trial. No such issue exists in this case, consequently, the Plaintiff's Motion for Summary Judgment is hereby Granted. Plaintiff's Motion to Strike Claim of Sharon Clough and Claimant's Motion to Dismiss and Suppress for Lack of Probable Cause are, for the above stated reasons, hereby Denied.

IT IS SO ORDERED.