951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 339 SOUTH LAKE DRIVE, NOVI, OAKLAND
COUNTY, MICHIGAN, Defendant-Appellant,
Sarah Landt, Claimant-Appellant.
 No. 90-1668.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges; and McRAE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Claimant Sarah Landt appeals from the district court's order granting summary judgment for the plaintiff United States in this civil forfeiture action under 21 U.S.C. §§ 881(a)(6) and (7). We AFFIRM.
 
 
 2
 The instant suit arises out of the narcotics conviction of claimant's son, Herman Landt. In August of 1987 the United States Postal Service obtained a search warrant to open a package addressed to Herman Landt at 339 South Lake Drive, Walled Lake Michigan. The package contained a jacket with marijuana in its pockets. On August 24, 1987 the package was delivered to the subject property. The Michigan State Police searched the house the same day, pursuant to a search warrant, discovering marijuana, drug paraphernalia, a firearm and $141,135.00 in United States currency. State and federal criminal charges were brought against Herman Landt. He pled guilty to all of the charges brought against him.
 
 
 3
 The South Lake property consists of a large home and a smaller rental house. Herman Landt purchased the property in October of 1986. On November 26, 1986 Herman conveyed the property to his mother as a gift. Sarah Landt has never lived on the property; however, Herman remained in the large house until his arrest and Sarah stated in her deposition that Herman Landt intends to return there upon his release from prison. His fiancee currently resides in the large house. The smaller house is rented.
 
 
 4
 The United States filed the instant forfeiture action alleging that Herman Landt used the property to facilitate illegal drug transactions. Sarah Landt filed a claim, maintaining that she was an innocent owner of the property within the exception to forfeiture under 21 U.S.C. § 881(a)(7). The government challenged that assertion in a motion for summary judgment, contending that Sarah was merely a nominal or straw owner who did not have standing to contest the forfeiture. Claimant filed a response and also a cross-motion for summary judgment. The district court granted the government's motion holding that claimant failed to establish that she exercised sufficient control over the property to be deemed an "owner" under 21 U.S.C. § 881(a)(7). This appeal followed.
 
 I.
 
 5
 We review a grant of summary judgment de novo, and all facts and inferences are to be viewed in the light most favorable to the nonmoving party. White v. Turfway Park Racing Ass'n, Inc., 909 F.2d 941, 943 (6th Cir.1990). Summary judgment is proper if the evidence shows that "there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989). The moving party carries the burden of showing that no genuine issue of material fact exists; however, in the face of a properly supported motion for summary judgment, the nonmoving party cannot merely rest on its pleadings, but must come forward with probative evidence in support of its claim. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 6
 The government's civil forfeiture action is brought pursuant to 21 U.S.C. § 881(a)(7) which provides that "[a]ll real property including any right, title, and interest ... in the whole of any lot or track of land and any appurtenances or improvements" shall be subject to forfeiture to the United States if it "is used, or intended to be used, in any manner or part, to commit ... a violation of this Title [Title 21 United States Code]." The statute excepts from forfeiture property used for illegal purposes if the owner was unaware of it. The government must make a preliminary showing of probable cause for the forfeiture. 19 U.S.C. § 1615; 21 U.S.C. § 881; United States v. Lots 12, 13, 14 and 15, Keeton Heights, 869 F.2d 942, (6th Cir.1989); United States v. 526 Liscum Drive, 866 F.2d 213, 216 (6th Cir.1988). Probable cause is defined as "a reasonable ground for belief or guilt, supported by less than prima facie proof but more than mere suspicion." 526 Liscum Drive, 866 F.2d at 216. The burden then shifts to the claimant to establish that she qualifies under the exception. Id. As part of this burden the claimant must also demonstrate that she has a sufficient interest in the property to afford her standing under the statute to contest the forfeiture. Id. This court has expressly held that when the government establishes probable cause to believe that a claimant is merely a straw owner, the claimant cannot rest upon proof of legal title alone, but must also present indicia of true ownership such as dominion or control. Id. at 217.
 
 
 7
 Claimant attempted to demonstrate a financial stake in the property to the district court by presenting evidence that she received rental income from and paid expenses of the property. Sarah testified that she received rent in 1987, 1988, and 1989 and she claimed it on her tax returns. She also stated that she used the rental income to pay expenses of the property. However, Sarah Landt also testified that in 1988 she never actually received any rent money on the large house; rather it was applied directly to the expenses of the property by her son. As to 1989, Sarah admitted that her son ceased making rent payments on the larger house and that he agreed to pay the taxes. Further, Sarah testified that the rent money from the smaller house was transferred in 1989 directly to a joint checking account she held with Herman's fiancee, who then utilized it to pay all the expenses of the South Lake property.
 
 
 8
 Although Sarah Landt quitclaimed title to the property twice and mortgaged it once, she conceded in her deposition that each conveyance was at the behest of Herman and/or his attorney, and that each time the benefit ran to Herman: once as collateral for a bond and twice to secure attorney fees for Herman's defense of the various drug charges. Sarah never received any money for the conveyances. Claimant testified that she believed that she was quitclaiming away her interest in the South Lake property to "protect her ownership rights;" however, she knew very little about the bond premium payments for which she mortgaged the South Lake property. She was unsure of the nature of the criminal charges brought against her son, although she guaranteed his bond with the property, and she did not appear to know why she had quitclaimed the property to attorney Finn. Claimant's lack of knowledge about transactions involving the South Lake property indicates she is not the true owner. The securing of Herman's bond with the property is also strong evidence that Herman, not Sarah Landt, is the true owner of the South Lake property. See United States v. One 1945 Douglas, 604 F.2d 27, 29 (8th Cir.1979) (fact that title owner of airplane allowed second individual to use airplane as collateral for bond money indicated that second individual was true owner); United States v. One 1988 Honda Accord, 735 F.Supp. 726, 729 (E.D.Mich.1990) (claimant's lack of knowledge about car indicated she was straw person and not true owner).
 
 
 9
 Considering all of this evidence together leads to the inescapable conclusion that Sarah Landt is not the true owner of the South Lake property; she has received no benefit from the property, financial or otherwise. Rather, all benefit derived from ownership of the property runs to her son, Herman Landt. Thus, regardless of whether claimant possesses legal or equitable title, she lacks the indicia of true ownership--dominion or control. For these reasons, the district court's grant of summary judgment is AFFIRMED.
 
 
 10
 McRAE, Senior District Judge (dissenting).
 
 
 11
 I dissent because I believe that the record shows that the factual issues of Sarah Landt's dominion and control over the property are genuine enough for her to be due the process of having her standing to challenge the forfeiture determined by an adversarial hearing subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation