25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
1972 MERCEDES BENZ, Defendant,
Irving D. Sisson, Claimant-Appellant.
 No. 93-4113.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1994.
 
 1
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Irving D. Sisson appeals pro se from a district court judgment which condemned an automobile in a civil forfeiture proceeding brought under 21 U.S.C. Sec. 881(a)(4). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 A forfeiture complaint was filed and the automobile was seized by the United States because it had been used by Sisson and his co-conspirators to facilitate a scheme to manufacture amphetamines. Sisson filed a claim alleging that he is the owner of the automobile. On August 24, 1993, the district court granted the government's motion to Strike the Claim and/or for Summary Judgment as well as its Renewed Motion for Summary Judgment. In so ruling, the court found that Sisson lacked Article III standing because he was no more than a nominal or straw owner of the automobile. It is from this judgment that Sisson now appeals.
 
 
 4
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If a movant meets its burden of production, the nonmoving party must go beyond its pleadings and present evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A de novo review of the record indicates that summary judgment was appropriate because Sisson did not meet his burden under Rule 56(e).
 
 
 5
 To establish Article III standing, Sisson must show that he has an interest in the automobile that is sufficient to create a case and controversy. See United States v. 37.29 Pounds of Semi-Precious Stones, 7 F.3d 480, 483 (6th Cir.1993). Evidence of legal title is not enough to meet this burden if other evidence is submitted which indicates that Sisson is no more than a nominal owner. See United States v. Contents of Accounts Nos. 3034504504 and 144-07143, 971 F.2d 974, 985 (3d Cir.1992), cert. denied, 113 S.Ct. 1580 (1993); United States v. Premises Known as 526 Liscum Drive, 866 F.2d 213, 216-17 (6th Cir.1989).
 
 
 6
 The government supported its summary judgment motion with affidavits and other proof which indicated that one of Sisson's co-conspirators, Louis Voltz, had purchased the automobile for $2,000 on Voltz's credit card, even though the title was made out to Sisson. The government also submitted an affidavit from Voltz's wife, Martha Selsor, which states that the automobile was purchased on her husband's credit card for Sisson's use, that Sisson was obligated to pay for the automobile but failed to do so, that she is making payments on the credit card debt, and that Sisson delivered title of the automobile to her on June 19, 1989, several months before it was seized. This evidence indicated that Sisson was no more than a nominal owner of the automobile, and that the government was entitled to judgment as a matter of law on the issue of Article III standing. The burden then shifted to Sisson to go beyond the pleadings and to submit significant probative evidence showing that there was still a genuine issue of material fact to be resolved at trial. See Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 
 7
 The district court properly granted summary judgment to the government because Sisson did not meet this burden. In an affidavit, Sisson generally avers that he is the owner of the automobile. In a subsequent declaration, he denies transferring the automobile to Voltz's wife. However, it is undisputed that Louis Voltz paid for the automobile, and Sisson did not submit evidence of any kind which might have indicated that he had repaid him. Thus, summary judgment was appropriate because Sisson did not refute the government's proof which indicates that he would not suffer an actual injury or loss if the automobile was forfeited. See Premises Known as 526 Liscum Drive, 866 F.2d at 217.
 
 
 8
 Sisson alleges that the Assistant United States Attorney colluded with Selsor and prepared a fraudulent affidavit to support the government's motion for summary judgment. We note that there is no evidence in the record that would support this spurious allegation.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard S. Enslen, United States District Judge for the Western District of Michigan, sitting by designation