64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tom HENRY, Defendant,
Jo-Ann Henry, Claimant-Appellant.
 No. 94-6188.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: KRUPANSKY, MILBURN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant-appellant appeals the district court's order forfeiting substitute assets of defendant. For the reasons that follow, we affirm the district court's order.
 
 I.
 
 2
 Defendant, Tom Henry, purchased a house for himself and his family at 101 Ewing Court in 1989 for $195,000. From the time the property was first purchased, the deed and property title were recorded solely in the name of claimant-appellant Jo-Ann Henry, the wife of Tom Henry. Jo-Ann Henry alleges that at the time Tom Henry bought the 101 Ewing Court residence in 1989, she insisted that title to the property be recorded in her name alone. She claims that she intended to retain title in the property to replace her interest in another house, acquired from her previous marriage that she had just sold, and to provide a home for her children to grow up in and eventually inherit. According to Tom Henry, the 101 Ewing Court residence was titled in his wife's name in order to provide her with financial security and because of his affection for her.
 
 
 3
 As the Government points out, however, despite Jo-Ann Henry's claim that she is the sole owner of the 101 Ewing Court residence, Tom Henry admitted that the funds used to purchase the house came from his companies, not from his wife. And not only did Tom Henry expend the money to buy the new house, the Government traced those funds to the illegal activity of Tom Henry. The Government thus correctly contends that Jo-Ann Henry holds only nominal title in the 101 Ewing Court property.
 
 
 4
 This criminal forfeiture action resulted after Tom Henry was convicted of money laundering related to a Medicare fraud scheme, and ordered to forfeit $191,206.80 in U.S. currency to the U.S. Government. When it became clear that the cash could not be recovered from Tom Henry, the Government filed a motion to forfeit substitute property including the real property located at 101 Ewing Court, the property at issue in this appeal. According to the Government, Tom Henry had transferred proceeds of his criminal activity to various third parties including his wife, Jo-Ann Henry. The court entered an amended preliminary order on November 20, 1992, ordering the forfeiture of substitute property including 101 Ewing Court.
 
 
 5
 On January 15, 1993, appellant, Jo-Ann Henry filed a petition for a hearing to adjudicate her alleged third-party interest in property targeted by the amended forfeiture order, including 101 Ewing Court. Appellant Jo-Ann Henry filed a second motion on March 8, 1993, asking that the district court declare the enabling statutes, 18 U.S.C.A. Sec. 1963(1) and 21 U.S.C.A. Sec. 853(n), unconstitutional. After an ancillary hearing was held, the court entered a final order of forfeiture of the property at 101 Ewing Court, but specifically excepted from forfeiture Jo-Ann Henry's legal interest in the property of $23,951.20. Appellant Henry then filed this timely appeal.
 
 II.
 
 6
 This forfeiture action is governed by 21 U.S.C. Sec. 853. Section 853(p) is termed the "substitute asset" provision, and reads in relevant part:
 
 
 7
 (p) Forfeiture of substitute property
 
 
 8
 If any of the property described in subsection (a) of this section, as a result of any act or omission of the defendant ---
 
 
 9
 (1) cannot be located upon the exercise of due diligence;
 
 
 10
 (2) has been transferred or sold to, or deposited with, a third party;
 
 
 11
 (3) has been placed beyond the jurisdiction of the court;
 
 
 12
 (4) has been substantially diminished in value; or
 
 
 13
 (5) has been commingled with other property which cannot be divided without difficulty;
 
 
 14
 the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).
 
 
 15
 21 U.S.C.A. Sec. 853(p) (West Supp. 1995) (emphasis added). The second section at issue in this case defines third party interests:
 
 
 16
 (n) Third party interests ....
 
 
 17
 (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that --
 
 
 18
 (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
 
 
 19
 (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
 
 
 20
 the court shall amend the order of forfeiture in accordance with its determination.
 
 
 21
 21 U.S.C.A. Sec. 853(n)(6) (West Supp. 1995) (emphasis added). Thus, the substitute asset provision, Sec. 853(p), permits a court to substitute assets of the defendant for forfeitable property, while Sec. 853(n)(6) protects third parties by giving them the opportunity to prove that they are innocent owners of property to be forfeited.
 
 
 22
 Appellant alleges that she held superior title in the Ewing Court property over that of her husband, the defendant in this action. We find that appellant was not a bona fide purchaser of the Ewing Court property, but rather holds only bare legal title in the property that the defendant purchased with proceeds of his illegal activity. In United States v. 526 Liscum Drive, 866 F.2d 213 (6th Cir. 1989), the claimant also held legal title to real property. This Court found, however, that unless claimant could prove some dominion or control over the property, or some other indicia of true ownership, she was nothing more than a nominal or straw owner. 526 Liscum Drive, 866 F.2d at 217. As we observed, the purpose of forfeiture statutes is to "deprive criminals of the tools by which they conduct their illegal activities.... A failure to look beyond bare legal title would foster manipulation of nominal ownership to frustrate this intent." Id. (citations omitted).
 
 
 23
 Jo-Ann Henry testified that her only contribution to the payment price was the amount of $23,951.20. In addition, the special verdict indicated the jury's belief that Tom Henry had purchased the house with illegally obtained funds. Consequently, appellant did not hold superior legal title in the property "at the time of the commission of the acts" which gave rise to the district court's forfeiture order.
 
 
 24
 We are not persuaded by appellant's argument that Sec. 853(n)(6)(A) should be read to measure Jo-Ann Henry's legal right at the time the court grants a motion to substitute an asset. The essence of Jo-Ann Henry's argument is that the relation-back doctrine should not be applicable in the forfeiture of a substitute asset. We need not reach this precise question at this time, however, because the substitute asset at issue in this case -- the 101 Ewing Court residence -- was purchased with funds illegally obtained by the defendant. The Ewing Court property is therefore directly traceable to defendant Tom Henry's illegal actions. We can be assured of the property's traceability by the jury's special verdict finding that the Ewing Court property was obtained with illegal funds.[1] For the same reason that relation back is applicable to this substitute asset, any marital property right that Jo-Ann Henry might have had in the Ewing Court property is also defeated by the fact that the residence is directly traceable to the defendant's illegal activity. Finally, because the property was purchased with illegal funds, the statute's clear and unambiguous language instructs that the alleged superior legal interest must be measured at the time that the illegal acts were committed. United States v. Campos, 859 F.2d 1233, 1239 (6th Cir. 1988).
 
 
 25
 Appellant further alleges that her constitutional right to due process has been violated because she was denied her right to a jury trial and because a claimant such as herself should not bear the burden of proving her superior legal interest in the property. Once again, appellant's arguments run counter to the language of the statute itself which provides third parties the opportunity to obtain an ancillary hearing before the court but as Sec. 853(n)(2) states, "[t]he hearing shall be held before the court alone, without a jury." 21 U.S.C.A. Sec. 853(n)(2) (West Supp. 1995). We do not find this statute's denial of a jury trial to be unconstitutional. As the Supreme Court has stated, the Seventh Amendment "was never intended to establish the jury as the exclusive mechanism for factfinding in civil cases." Atlas Roofing Co., Inc. v. OSHA, 430 U.S. 442, 460 (1977). Appellant's petition challenging the district court's forfeiture order is not the type of action which necessitates a jury trial; thus as long as the claimant is provided with an ancillary hearing, no constitutional right is violated.
 
 
 26
 Finally, the jury verdict indicating that the Ewing Court residence should not be forfeited does not prevent the forfeiture of the property as a substitute asset. The jury's verdict of "not forfeit" did not determine whether the residence could be seized as a substitute asset. Therefore, the jury's verdict does not preclude the district court's order forfeiting the property as a substitute asset. As the Government points out, the very nature of a substitute asset requires that it is not property which is directly forfeitable. See United States v. Swank Corp., 797 F. Supp. 497 (E.D. Va. 1992) (holding that an order of forfeiture for substitute assets has to be satisfied out of something which was not itself forfeitable).
 
 III.
 
 27
 For the foregoing reasons, the district court's forfeiture order is AFFIRMED.
 
 
 
 [1]
 The jury's verdict with regard to Count Thirty-Six, indicating that the Ewing Court property was not forfeitable, does not interfere with the jury's verdict with regard to Count Four that the property was obtained by illegal funds. Nor does fact that the jury indicated that the property should not be forfeited preclude the forfeiture of 101 Ewing Court as a substitute asset in light of direct evidence and proof that the property was purchased with illegal funds