UNITED STATES of America, Plaintiff,

v.

ONE 1993 ISUZU TROOPER, VIN. NO. JACDH58V4P7912962, Defendant.

Civ. A. No. 93–74362.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 27, 1995.

Charles Milne, Detroit, MI, for NBD Bank N.A.

Raymond E. Willis, Detroit, MI, for Michael K. Ford.

Karl R. Overman, Graham L. Teall, United States Attorney's Office, Detroit, MI, for U.S.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

The United States brings this motion for summary judgment in its *in rem* civil forfeiture proceeding against the above named 1993 Isuzu Trooper. That vehicle was seized pursuant to 21 U.S.C. § 881(a)(6) which provides for the forfeiture of property purchased with drug proceeds. The government recognizes that the National Bank of Detroit holds a secured interest in the vehicle and therefore seeks to recover only the $5,800 down payment made by Raymond Kirk Kline, the individual who pled guilty to charges of heroin distribution.

### I. Factual Background

This forfeiture action arises out of a Rule 11 guilty plea of Raymond Kirk Kline to charges of conspiring to distribute heroin. The FBI investigation that uncovered Kline's activities and led up to the guilty plea produced a variety of taped phone conversations between Kline and others in his "organization." The recordings detailed Kline's drug activity and the methods for handling the proceeds of the heroin distribution operation. The conversations reveal that Kline was concerned about hiding property purchased with the drug proceeds. To conceal this property, Kline sought to use other people's names in making purchases. The conversations suggest that Kline had knowledge of drug forfeiture laws and sought to evade them.

Michael Ford, the individual contesting this forfeiture proceeding, participated in a number of the recorded conversations with

Kline regarding the purchase of various items, including a barber shop, fur coat, and the Isuzu Trooper at issue in this case. Ford was not indicted in the drug conspiracy action. Ford was employed by the National Bank of Detroit's transportation department and Kline allegedly recognized that Ford would be a valuable "straw man" because his income could support making the purchases at issue. The recorded conversations indicate that Ford's purchase of the 1993 Isuzu Trooper may have been made in an attempt to conceal the true source of the purchase money.

The government relies on these recorded conversations in its argument that the $5,800 used as a down payment for the vehicle derived entirely from the proceeds of Kline's illegal drug transactions. The government does not seek to defeat the National Bank of Detroit's secured interest in the vehicle, or Michael Ford's $250 down payment placed on the vehicle after Kline's arrest. The government moves for summary judgment against Ford on the ground that Ford, as a "nominal title holder," lacks standing to contest the forfeiture.

Ford submits a sworn affidavit stating that none of the payments made on the vehicle were made with money derived from Kline's illegal drug transactions. Ford also maintains that the vehicle has been in his possession and under his dominion and control at all times pertinent to this case. Ford further states that the title, registration, and car payment receipts are all in his name. Taking the evidence in the light most favorable to him, Ford concludes, the alleged conversations do not demonstrate that Kline paid any money for the Isuzu Trooper.

## II. Standard of Review

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

■ A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland,* 988 F.2d 649 (6th Cir. 1993).

■ Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liber-*

*ty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). While the evidence itself need not be the sort admissible at trial, it must be more than the non-moving party's pleadings. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990).

### III. Discussion

 The Government seeks forfeiture of the Isuzu Trooper pursuant to 21 U.S.C. § 881(a)(6), which permits forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title....

*Id.* 19 U.S.C. § 1615 sets the burden of proof in forfeiture proceedings: "where the property is claimed by any person, the burden of proof shall lie upon the claimant ... [p]rovided, that probable cause shall first be shown for the institution of such suit or action, to be judged by the court...." *Id.* The Sixth Circuit explained:

> [T]he United States must establish probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a con-

trolled substance. Probable cause means 'reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion.' Pursuant to 19 U.S.C. § 1615, once the Government has met its burden of showing probable cause to institute the forfeiture action, the burden then shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture.

*United States v. 526 Liscum Drive, Dayton, Montgomery County,* 866 F.2d 213, 216 (6th Cir.1989) (citations omitted).

The government argues that Ford was just a willing accomplice letting his name and employment status be used by Kline to conceal the true ownership of the vehicle. The government submits voluminous excerpts of telephone conversations in its attempt to demonstrate that Ford paid for the Isuzu Trooper with the proceeds of illegal drug transactions.

Even if this evidence demonstrates probable cause to believe the car was bought with money traceable to illegal drug transactions, the court must view the evidence most favorably to the nonmovant. So viewed, the evidence demonstrates that Ford had a plausible, legitimate source for the money. One fact that is undisputed is that Ford made all payments, including the $5,800 down payment, personally. This testimony would allow a reasonable factfinder to believe, by a preponderance of the evidence, that the car was not, in fact, paid for with money traceable to an illegal sale of drugs, but rather with money traceable to a legitimate source, namely Ford's income. This unresolved question of fact precludes the grant of summary judgment.

### ORDER

Therefore, it is hereby **ORDERED** that the United States' motion for summary judgment be **DENIED**.

**SO ORDERED.**